IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

PETERS BROADCAST ENGINEERING
426 W. LUDWIG RD.
FT. WAYNE, INDIANA 46825           CASE NO.

      PLAINTIFF,
                                      JUDGE
VS.

24 CAPITAL, LLC                            JURY DEMAND
31-10 37TH AVENUE, SUITE 202               ENDORSED HEREON
LONG ISLAND, NEW YORK 11101

AND

JASON SANKOV
24 CAPITAL, LLC
31-10 37TH AVENUE, SUITE 202
LONG ISLAND, NEW YORK 11101

AND

JOHN DOES,
      DEFENDANTS.

## COMPLAINT FOR DAMAGES AND CLASS RELIEF

Plaintiff, Peters Broadcast Engineering, Inc., (hereinafter "PBE" or "Plaintiff"), upon personal knowledge as to the facts pertaining to itself and upon information and belief as to all other matters, and based on the investigation of counsel, brings this individual and class action for damages, injunctive relief and other relief pursuant to RICO and Indiana state common and statutory law, demand a trial by jury, and allege as follows against Defendants:

## NATURE OF ACTION

1. This lawsuit is brought as an individual and class action against 24 Capital, LLC (or "24 Capital"), Jason Sankov (together "Defendants"), and unnamed co-conspirators and other

predatory lenders, globally and in the United States, for engaging in a two-plus-year-long conspiracy to steal, thieve and purloin from unsuspecting merchants by operating a so-called "merchant cash advance financing" company to circumvent usury and other federal and state laws (hereinafter, "the 24 Capital Enterprise").  The 24 Capital Enterprise successfully targeted struggling United States small merchants, raising prices for merchants and consumers alike.  As fully outlined below, Defendants in this action have used and are using 24 Capital to induce prospective borrowers to borrow funds against receivables, a so-called merchant cash advance (or "MCA"), to circumvent state usury and other debt collection laws. Defendants promise, *inter alia*, to only recover payment from receivables but in reality, through daily automatic clearing house (or "ACH") debits, they extract daily payments from unwitting borrowers regardless of whether receivables have come into the bank accounts of the borrowers or not.  Defendants also promise additional funding to borrowers, thereafter renege on the promised funds, and then fraudulently confess judgment against the borrowers based upon the failure to make payments the borrowers relied upon the promised funds to make. Once Defendants obtain a confessed judgment, they utilize the State of New York Court system to employ collection techniques that violate federal law, including the provisions of the Due Process Clause, by misrepresenting the extent of contacts borrowers, such as PBE, have with the State of New York.  The actions of Defendants and their co-conspirators are violative of both Indiana and federal law and have caused extensive damage to PBE and the class of similarly situated persons and entities. Accordingly, PBE respectfully asserts here individual and classwide claims against Defendants.

## I.  JURISDICTION AND VENUE

2. Jurisdiction is founded upon the provisions of 28 U.S.C. § 1331 in that this action arises under federal law, the RICO statute, 18 U.S.C. § 1962, *et seq*., and because the amount in controversy exceeds $75,000, exclusive of interests and costs.  Jurisdiction over the state law claims arises under this Court's pendent jurisdiction.

3. Venue is properly laid in the Northern District for the reason the events described hereinbelow touch and concern the Northern District of Indiana. Venue is proper pursuant to 28 U.S.C. § 1391 in that a substantial part of the events, acts and omissions giving rise to PBE's claims occurred within this judicial district, and is also proper under 18 U.S.C. § 1965 (a) and (d) because all Defendants have transacted and presently transact their affairs in this judicial district.

4. Defendants are subject to the personal jurisdiction of this court under Fed. R. Civ. P. Rule 4(e) under the nationwide service of process provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § 1962.  The Northern District of Indiana is the most convenient venue. The conduct injuring PBE and continuing to injure it occurred in the Northern District of Indiana. Defendant 24 Capital is not licensed to do business in the State of Indiana, however it has transacted and continues to transact business in Indiana. The acts complained of took place in the Northern District of Indiana. It is in the interests of justice that the individual Defendant be made party to an action in this district under 18 U.S.C.A. § 1965(b).

## II.    PARTIES

5. Plaintiff, PBE, is a telecommunications engineering company. By reason of the acts complained of below, PBE has experienced direct financial injury traceable to Defendants' conduct, which can be redressed by the relief requested herein.

6. Defendant Jason Sankov (or "Sankov") is the Operations Manager of 24 Capital. Sankov, 24 Capital and their agents, however, knowingly lied under oath to this Court about Sankov's relationship with 24 Capital in an attempt to cover up and avoid Defendants' liability to PBE herein.

7. Defendant 24 Capital, LLC is an entity organized and existing under the laws of the State of New York. John Doe defendants are the officers and members of 24 Capital who have personal control over the activities of 24 Capital.

8. The transactions complained of in this Complaint took place, in part, in the State of Indiana from at least mid-February 2019 through the present.

## III. FACTS COMMON TO ALL COUNTS

9. Plaintiff restates all allegations above as though fully restated herein.

10. This action arises from Defendants' breach of the terms of an agreement to advance funds against receivables dated 2/21/2019.  A copy of the purported agreement is at Exhibits A.  Defendants induced PBE to accept and borrow funds on the intentionally false representation that repayment would be against receivables, not merely daily loan payments. Upon receipt of the agreed upon funds, PBE's bank account was debited daily regardless of whether any receivables had come into the account or not. This unauthorized and illegal daily

4

withdrawal of funds by Defendants depleted PBE's cash which caused Defendants to promise additional funding to PBE. Defendants then reneged on the promise of additional funding and instead unlawfully and illegally confessed judgment against PBE in New York. At no time did Defendants comply with the terms of the agreement at Exhibit A and limit repayment to receivables. Defendants simply illegally collected daily payments. PBE relied to its detriment upon Defendants' intentional misrepresentations concerning the operation of the MCA program and the manner in which the agreements at Exhibit A would work.

11. Defendants' conduct was calculated to manipulate PBE into a position of financial helplessness which would, and did, induce and coerce PBE to accept Defendants' promise to make additional advances. Despite Defendants' manipulative and predatory practices and scheme in which Defendants engaged and their breach of the parties' agreement, PBE has repaid substantially all of 24 Capital's principal.

12. PBE is informed and believes, and on these bases alleges, that Sankov, and certain individual agents in the 24 Capital Enterprise, including 24 Capital's' CEO, Mark Allayev, and 24 Capital's attorneys Shanna M. Kaminski and David Fogel, also perpetrated the scheme to induce prospective borrowers to borrow funds against receivables, *i.e.*, merchant cash advance, to circumvent state usury and debt collection laws, and to escape liability and detection.

13. Defendants and each of them are jointly and severally responsible for the action of each of their agents, including without limitation Allayev, Kaminski and Fogel, by authorizing and requesting their agents to assist with pursuing, securing and collecting the unlawful debts allegedly due Defendants, and committing fraud on this court to attempt to escape liability herein.

14. Through daily automatic clearing house (or "ACH") debits, Defendants extract daily payments from unwitting borrowers regardless of whether receivables have come into the

5

bank accounts of the borrowers or not. Defendants also promise additional funding to borrowers, but thereafter renege on the promised funds, and then fraudulently confess judgment against the borrower based upon the failure to make payments the borrowers relied upon the promised funds to make. Once Defendants obtain a confessed judgment they utilize the State of New York Court system to unlawfully collect confessed judgments against plaintiffs in New York.

15. When Defendants did not answer the original Complaint herein, on February 8, 2021, PBE moved for default judgment. (See ECF 12). Without moving to set aside the Entry of Default, on March 1, 2021 Defendants, through Attorney Kaminski, filed an Opposition to PBE's Motion (or "Opposition"). (ECF 15). The Opposition was supported by the false Declaration of Allayev, who stated therein under penalty of perjury: "Jason Sankov is not an employee of 24 Capital, LLC. He is not and has never been the Operations Manager for 24 Capital, LLC.". (ECF 15-1, ¶ 2). The Opposition reasserted this falsehood regarding Sankov, and made other baseless contentions, including: "The summons and complaint were not delivered to an officer, managing or general agent of 24 Capital, LLC or any other agent authorized by appointment or by law to receive service of process." In the Opposition, Defendants also falsely claimed that PBE sued 24 Capital Funding, LLC not 24 Capital, LLC, knowing full well that 24 Capital was the entity sued.

16. Nevertheless, out of an abundance of caution, PBE has amended the Complaint and re-served Defendants.

17. Defendants 24 Capital and Sankov not only caused Allayev and Kaminski to submit false sworn documents to this Court, but 24 Capital caused Jason Sankov to obtain wrongful defaults or filed garnishments against PBE's bank and credit union account on behalf of 24 Capital, while at the same time using the false declaration of CEO Allayev that Sankov never worked for 24 Capital.

18. Attached at Exhibit B are fraudulent documents submitted by Defendants in Indiana to both Partners Credit Union and PNC bank that falsely state PBE resides in New York and conducts business in the State of New York. These misrepresentations are material to the ability of Defendants to lawfully restrain the accounts of PBE. Defendants knew at the time of these misrepresentations concerning PBE's residence and contacts with the State of New York that these statements were false.

19. Attached hereto as Exhibit C is a true copy of a Confession of Judgment pleading packet filed on or about December 13, 2018, in the Supreme Court for the State of New York, Queens County, in the case entitled *24 Capital, LLC vs. Respit Manor LLC and Mark Mendez*, Index No. 719036/2018, containing therein the sworn affidavit of Defendant Jason Sankov, dated December 12, 2018, asserting under oath that he is the "OPERATIONS MANAGER" of 24 Capital, LLC.

20. Attached hereto as Exhibit D is a true copy of a Confession of Judgment pleading packet filed on or about April 12, 2019, in the Supreme Court for the State of New York, Queens County, in the case entitled *24 Capital, LLC vs. BADSRI INC d/b/a BADSRI INC and PETROS KlFLU,* Index No. 706551/2019, containing therein the sworn affidavit of Defendant Jason Sankov, dated April 11, 2019, asserting under oath that he is "an authorized representative of 24 CAPITAL the Plaintiff herein."

21. Thus, not only did Defendants and their agents file a false affidavit for confession of judgment against PBE in Indiana ,but they submitted CEO Mark Allayev's false declaration in the present action to perpetrate a fraud upon this Court.

**Overview of The Unlawful Scheme**

22.  From at least February 2019, up to and including the present time, Defendants systematically exploited numerous small merchants throughout the United States, like PBE, who were struggling to conduct and stay in business.

23.  Defendants, through 24 Capital, extended loans to these merchants using deceptive and misleading communications and contracts, and in violation of federal usury laws and the usury laws of numerous states, that were designed to protect against such loan sharking and abusive conduct. In doing so, Defendants forced many of these merchants, including PBE, into cycles of debt in which they were forced to incur new illegal loans in order to pay off their existing debt to Defendants.

**COUNT I: VIOLATION OF 18 U.S.C § 1962 (c) (CIVIL RICO)
and (d) (RICO CONSPIRACY)**

24.  Plaintiff incorporates all the foregoing paragraphs as if fully rewritten herein.

25.  At all relevant times, there was in full force and effect in the United States of America, a certain statute, namely, the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C.A. § § 1961 *et seq.*

26.  At all relevant times, there was in full force and effect in the United States of America certain statutes commonly referred to as the mail and wire fraud statutes, 18 U.S.C.A. § § 1341 and 1343.

27.  24 Capital, Sankov, in his individual capacity and as Operations Manager of 24 Capital, and each of them, are "persons" as defined under 18 U.S.C. § 1961(3).

## RACKETEERING ENTERPRISE

28. A racketeering enterprise exists among the Defendants to unlawfully obtain and collect money from PBE and other merchants.

29. At all times relevant to this Complaint, 24 Capital, Jason Sankov and other individuals and corporations, known and unknown, were members and associates of a national and global predatory loan collectors enterprise (*i.e.,* the "24 Capital Enterprise"), a criminal organization whose members and associates engaged in crimes, including without limitation the collection of unlawful debts.

30. The 24 Capital Enterprise, engaged in a two-plus-year-long conspiracy to steal, thieve and purloin money from unsuspecting merchants by operating a so-called "merchant cash advance financing" company to circumvent usury and other federal and state debt collection laws.

31. The 24 Capital Enterprise operates through 24 Capital. Defendants combined, conspired, confederated and agreed with each other and with others known and unknown to PBE, including David Fogel, to devise and intend to devise a scheme and artifice to defraud PBE as to a material matter, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises by causing signals and sounds to be transmitted by wire in interstate and foreign commerce, for the purpose of executing and attempting to execute the scheme and artifice, as set forth herein. The enterprise has an organizational structure and policies designed to accomplish the following goals:

   a) The first goal of the racketeering enterprise is to operate a facially legal entity, 24 Capital, to conduct a business scheme to defraud individuals and entities such as PBE and its owner.

      b)    The second goal of the racketeering enterprise is to attract clients by misrepresenting the terms upon which 24 Capital will lend.

      c)    The third goal of the racketeering enterprise is to enter into contracts with prospective borrowers based upon the aforementioned false grounds.

      d)    The fourth goal of the racketeering enterprise is to use the funds obtained to enrich Defendants, and to circumvent federal law against predatory, usurious and illegal lending and debt collection.

      e)    The fifth goal of the enterprise is to misuse the State of New York court system to engage in debt collection activities in circumstances where misrepresentations have been made by defendants concerning the extent of borrowers' contacts with the State of New York.

32.    The 24 Capital Enterprise has a history of involvement within Indiana, Florida, Washington, D.C., and throughout the United States.

33.    This enterprise, the 24 Capital Enterprise, was and is engaged in, and its activities substantially affected, interstate and foreign commerce, as follows:

      a)    The enterprise receives money through the mails and wires unlawfully from borrowers and deposits that money into financial institutions engaged in interstate and foreign commerce.

      b)    The defendant enterprise utilized the means of telephone calls and mail in the regular course of business to communicate among themselves, to obtain the transfer of funds from borrowers, and to induce PBE into remitting funds for an MCA agreement.

## **FEDERAL RICO VIOLATIONS**

34.    Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

35.    Defendants, individually and collectively, through their control of the enterprise, violated 18 U.S.C.A. § 1962(c) by conducting the 24 Capital Enterprise's affairs through a pattern of racketeering activity as defined in 18 U.S.C.A. § 1961(1)(B), and through the collection of

unlawful debt, as that term is defined in 18 U.S.C.A. § 1961(6), consisting of numerous acts of mail and wire fraud in violation of 18 U.S.C.A. §§1341 and 1343.

36. Specifically, Defendants committed the following predicate acts:

a. Defendants placed telephone calls to PBE to fraudulently induce it to remit funds.

b. Defendants used 24 Capital to attempt to manipulate PBE into a predatory loan.

c. Defendants used 24 Capital as a conduit to divert funds to 24 Capital, Sankov and John Does.

d. Defendants transmitted via PACER CEO Mark Allayev's sworn denial that Sankov worked for 24 Capital in an attempt to perpetrate a fraud upon this Court.

e. Defendants submitted to this Court via PACER Allayev's materially false declaration about the relationship between Sankov and 24 Capital to attempt to cover up Defendants' crimes, lies and wrongdoing.

f. In reliance on the materially false and misleading affidavits electronically transmitted by Jason Sankov to Indiana, Defendants obtained defaults or filed garnishments against PBE's bank and credit union account.

g. In reliance on the materially false and misleading affidavits electronically transmitted by Jason Sankov to Indiana, Defendants obtained judgments against PBE and caused significant damages to PBE.

37. Defendants' predicate acts were continuous in that they began in February 2019 and continue until today. The public at large is in danger of Defendants' continued pattern of corrupt activities, dishonesty and thievery.

38. PBE has suffered over $75,000 in damages as a result of Defendants' RICO violations as alleged herein, in an amount to be proven at the time of trial and trebled under 18 U.S.C. § 1964 (c), in addition to costs and attorneys fees, and the grave damages suffered by other merchants and the public at large.

## COUNT II: INTENTIONAL MISREPRESENTATION

39. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

40. Defendants intentionally and materially misrepresented their MCA arrangement to PBE.

41. PBE relied upon this representation of the agreement when the contract was agreed to and signed.

42. Defendants were aware when they stated that they would only collect against receivables in PBE's accounts that this statement was untrue. Defendants, with wanton disregard for PBE's interests and malice, intentionally misled it and thereby have caused damage to PBE for which Defendants are liable in compensatory and punitive damages, interests, costs and attorneys fees.

## COUNT III: FRAUD

43. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

44. Attached at Exhibit B are fraudulent documents submitted by attorney David Fogel on behalf of Defendants to both Partners Credit Union and PNC bank in which Fogel falsely states PBE resides in New York and conducts business in the State of New York.

45. These representations are material to the ability of Defendants to lawfully restrain the accounts of PBE. David Fogel and Defendants knew at the time of these representations concerning PBE's residence and contacts with the State of New York that these statements were false.

46. These misrepresentations were relied upon by Partners and PNC to the detriment of PBE because Partners and PNC restrained the accounts of PBE.

47. These specific fraudulent statements of Fogel caused PBE's accounts to be restrained and prevented PBE from purchasing supplies, paying its staff and otherwise engaging in operations as a going concern.

48. PBE has been damaged by Defendants' above false and fraudulent statements. Accordingly, Defendants are liable for compensatory and punitive damages, interest, costs and attorneys fees.

## COUNT IV:  DISGORGEMENT

49. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

50. To the extent Defendants breached fiduciary duties owed to PBE, PBE is entitled to disgorgement of any amounts realized by Defendants by reason of their breach.

## COUNT V:  MISAPPROPRIATION OF NAME AND GOODWILL

51. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

52. Through its unauthorized contact with Partners First Credit Union and PNC under the guise of a legitimate creditor, Defendants misappropriated PBE's public name, persona, and

goodwill to raise the unauthorized funds. PBE is entitled to recovery of all funds raised by Defendants in PBE's name.

## COUNT VI: BREACH OF CONTRACT

53. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

54. From at least February 2019 through the present Defendants breached the alleged MCA agreement with PBE.

55. From at least February 2019 through the present Defendants breached the alleged MCA agreement with PBE by participating in the Unlawful Scheme as alleged herein.

56. If Defendants had complied with the alleged MCA agreement and not participated in the Unlawful Scheme, PBE would not have paid 24 Capital unearned and ill-gotten interests or incurred significant costs.

57. Defendants are thus liable for compensatory damages, interest, costs and attorneys fees.

58. As a result of Defendants' breach of the agreement, PBE incurred damages in excess of $75,000, in a total amount to be proven at trial.

## COUNT VII: VIOLATION OF O.R.C. 1703.03

59. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

60. 24 Capital is a foreign corporation within the meaning of Indiana Revised Code 1703.01(b), and required under O.R.C. 1703.03 to be licensed to conduct business in the State of Indiana.

61. 24 Capital has not obtained a license to do business in Indiana or otherwise registered with the Indiana Secretary of State, which renders 24 Capital subject to a $10,000.00 forfeiture under O.R.C. 1703.28.

62. 24 Capital has not appointed an agent for service of process in the State of Indiana.

63. 24 Capital is liable for compensatory damages, interest, costs and attorneys fees.

## COUNT VIII: CLASS ALLEGATIONS

64. Plaintiff hereby incorporates all the foregoing allegations as if fully rewritten herein.

65. PBE brings this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a class ("Class") and subclass ("Subclass").  The Class Period commenced on January 1, 2015.

66. PBE brings this action under Federal Rule of Civil Procedure 23(b)(1) on behalf of a class defined as:

> **All borrowers who received merchant cash advances and were advised the repayment would be against receivables only.**

67. PBE also brings this action under Federal Rule of Civil Procedure 23(b)(2) on behalf of a class defined as set forth hereinabove **for** the reason adjudication of the issues raised here will be dispositive of the claims of all persons affected.

68. PBE also brings this action under Federal Rule of Civil Procedure 23(b)(3) on behalf of a class defined as set forth herein   for the reason questions of law common to the class predominate over the claims of individual class members.

69. The claims of PBE are typical of the claims of the Class.  PBE will fairly and adequately protect the interests of the Class.  PBE has no conflicts with any other Class Member, and has retained competent counsel experienced in class action litigation.

70. Common questions of law and fact exist.  Questions of law and fact are common to the Class and predominate over any questions affecting only individual Class Members.

71. Class action treatment is a superior method for the fair efficient adjudication of the controversy described herein.  A class action provides an efficient method whereby enforcement of the rights of PBE and Defendants can be fairly managed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following:

A) Judgment against Defendants, jointly and severally, in such amounts as will fully  and adequately compensate Plaintiff for the damages it has suffered, in an amount to be determined at trial, not less than $75,000.00;

B) Award Plaintiff treble damages against Defendants, jointly and severally, in an amount to be determined by the jury for Defendants' violation of the RICO statute, 18 U.S.C. § 1962, *et seq*.

C) Award Plaintiff punitive damages against Defendants, jointly and severally, in an amount to be determined by the jury for Defendants' failure to limit repayment against receivables, submitting false documents against Plaintiff, and misrepresenting whether there were contacts with New York;

D) Award Plaintiff pre-judgment and post-judgment interest;

E) Award Plaintiff actual expenses of litigation, including reasonable attorney's fees;

F) Appoint Plaintiff as class representative;

G) Appoint Plaintiff's counsel as counsel for the class; and

H) Award Plaintiff such other and further relief, including injunctive relief, as the Court deems just and proper.

Respectfully Submitted,

*s/Percy Squire, Esq.*
Percy Squire (0022010)
341 S. Third St., Suite 10
Columbus, Ohio 43215
(614) 224-6528 T
(614) 224 -6529 F
psquire@sp-lawfirm.com

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a jury trial in this matter.

*s/Percy Squire, Esq.*
Percy Squire, Esq. (0022010)