UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PETERS BROADCAST ENGINEERING, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 1:22-CV-00236-HAB-SLC |
| 24 CAPITAL, LLC, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION AND
DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMGENT**

After Defendants failed to answer or otherwise plead in response to Plaintiff's complaint, Plaintiff Peters Broadcast Engineering, Inc., ("PBE") sough a default judgment, pursuant to Fed. R. Civ. P. 55. (ECF No. 27). The undersigned referred this motion to the Magistrate Judge to issue a Report and Recommendation (R & R). (ECF No. 28). On February 14, 2024, the Magistrate Judge entered her R & R (ECF No. 38), recommending that PBE's Motion for Default Judgment be DENIED. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). The following day, PBE filed its objection. (ECF No. 39). For the reasons below, the Court will OVERRULE PBE's objection as MOOT, adopt the disposition of the Motion for Default Judgment in the R & R, and DENY PBE's motion for a default judgment.

**DISCUSSION**

1. **Legal Standard Fed. R. Civ. P. 72(b)**

A district court may assign dispositive[1] matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). *See also Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to "accept, reject, or modify" the findings and recommendations, and the district court need not accept any portion as binding. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Schur*, 577 F.3d at 760-61.

After a magistrate judge makes a report and recommendation, either party may object within fourteen days of being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error of law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur*, 577 F.3d at 760-61. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson*, 170 F.3d at 739.

1. **Procedural History**

---

[1] Whether a matter is dispositive or non-dispositive is determined by reference to 28 U.S.C. § 636(b)(1)(A), which gives magistrate judges the power "to hear and determine any pretrial matter" with certain exceptions. *See Adkins v. Mid-Am. Growers, Inc.*, 143 F.R.D. 171, 176 (N.D. Ill. 1992) ("'Dispositive' is merely a term used to describe the motions listed in subsection 636(b)(1)(A) ....").

Plaintiff initiated this lawsuit on July 15, 2022 (ECF No. 1), as a class action with a seven-count complaint, in which it asserted a federal claim under the Racketeer Influenced and Corrupt Organizations ("RICO") Act and state-law claims of intentional misrepresentation, fraud, disgorgement, misappropriation of name and goodwill, breach of contract, and a violation of Ohio Revised Code § 1703.003, naming 24 Capital, Sankov, and "John Does" as Defendants. (ECF 1). With its complaint, Plaintiff submitted proposed summons for "24 Capital Funding, LLC," "Mark Allayer,"[2] and Defendant Sankov (ECF Nos. 1-2 to 1-4), and summons were issued accordingly on July 25, 2022 (ECF No. 5). When Defendants failed to respond, Plaintiff moved for an entry of default followed by a default judgment. (ECF Nos. 10, 12). Upon review of the Plaintiff's Complaint, the Court became concerned that it could not enter a default judgment based on certain errors within the Complaint and held a telephone conference with Plaintiff's counsel.[3] Plaintiff then filed an Amended Complaint. (ECF No. 19). The Clerk entered a default on February 27, 2023, and PBE moved for default judgment the same day. Thereafter, this Court referred the matter to the Magistrate Judge for an R & R on the request for a default judgment.

**2.   The Magistrate Judge's R & R (ECF No. 38)**

In recommending that PBE's Motion for Default Judgment be denied, the Magistrate Judge first looked to whether service of process was proper on all Defendants against whom judgment was sought. In analyzing the propriety of service, the Magistrate determined that service was sound as to one but not both of the Defendants. The Magistrate Judge found service to be proper as to Defendant Jason Sankov ("Sankov") under Fed. R. Civ. P. 4, which controls service of process in

---

[2] Allayev (misspelled as Allayer in Plaintiff's first proposed summons) is apparently a member of 24 Capital, as he signed 24 Capital's biennial statement filed with the State of New York in August 2020 in his capacity as "member." (ECF No. 35-2 at 2).

[3] The Court had concerns that Plaintiff's counsel simply refiled a complaint previously filed in the Southern District of Ohio, Cause No. 2:20-CV-03135-KAJ.

federal court but improper as to Defendant 24 Capital. Rule 4(e)(1) further permits service of process on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Both Defendants were served in New York and thus, New York state law prescribes the manner in which service under Rule 4(e) can be accomplished. The Magistrate Judge relied on the return of service showing that Lisa Sohum, an authorized agent for an entity named 24 Capital Funding, LLC (not 24 Capital), and Sankov were served with the initial complaint and summons. (ECF No. 9). Neither Defendant appeared. When PBE filed its Amended Complaint asserting no new claims or parties, Fed. R. Civ. P. 5(a)(2) would have excused PBE from serving both Defendants with the Amended Complaint, assuming of course, that initial service was proper.

On this score, the Magistrate Judge found proper service only as to Sankov. Service with respect to 24 Capital was a different story. The summons returned executed for an entity named 24 Capital Funding, LLC and the Magistrate Judge found nothing in the record satisfying her that 24 Capital and 24 Capital Funding, LLC., are the same entity. The Magistrate Judge noted that PBE attempted unsuccessfully to serve 24 Capital through the Secretary of State at its service of process address, but PBE learned that this address had been abandoned. PBE then claimed that it attempted, and succeeded, in serving Allayev, who PBE represented to be 24 Capital's managing member.[4] But the Magistrate Judge didn't agree.

---

[4] Under New York law, PBE contended, service on an LLC is proper as to: (i) any member of the LLC located in New York, if the management of the LLC is vested in its members, (ii) any manager of the LLC located in New York, if the management of the LLC is vested in one or more managers, (iii) to any other agent authorized by appointment to receive process, or (iv) to any other person designated by the LLC to receive process, in the manner provided by law for service of a summons as if such person was a defendant.

4

The documents PBE submitted to the Magistrate Judge showed Allayev to be a "member" or "organizer" of 24 Capital – titles she found distinct from that of "managing member." She noted that Plaintiff failed to explain how Allayev's titles in the referenced documents were commensurate to "managing member" under New York law, as PBE represented. Thus, she determined that PBE did not meet is burden of establishing jurisdiction over 24 Capital through effective service.

The Magistrate Judge went on, however, to examine the substantive claims assuming that PBE had properly served both Sankov and 24 Capital. Because a default judgment is only appropriate if the well-pleaded allegations are sufficient to establish a legal claim, the Magistrate Judge accepted the facts in the Amended Complaint as true and determined whether those facts established that the plaintiff is entitled to the relief it seeks. *Cree, Inc. v. BHP Energy Mex. S. de R.L. de C.V.*, 335 F. Supp. 3d 1105, 1111 (E.D. Wis. 2018). Only then may the Court, in its discretion, grant default judgment to the movant. *See Domanus v. Lewicki*, 742 F.3d 290, 301 (7th Cir. 2014).

After reviewing the factual allegations in the Amended Complaint, the Magistrate Judge concluded that PBE failed to establish a right to relief under any of the theories set forth in the Amended Complaint. PBE set forth two independent bases for its claims of breach of contract. The first, was that the Defendants breached the written contract when they collected certain payments contrary to the contract's terms. The Magistrate Judge determined that PBE failed to allege facts showing that the Defendants' actions violated the terms of their contract and what's more, that PBE affirmatively pled itself out of court with its breach allegations. Thus, the Magistrate Judge determined PBE had no legal claim for breach of its written contract with Defendants under New

5

York law.[5] Second, PBE alleged that Defendants breached an alleged promise to lend additional monies to PBE. The Magistrate Judge likewise found no factual allegations sufficient to support the existence of such a contract.

With respect to PBE's claims under RICO, the Magistrate Judge noted that "[p]leading requirements are to be strictly enforced when default judgment is sought under RICO." *Holland v. Cerberus Cap. Mgmt.*, 2014 WL 6473479, at *12 (N.D. Ind. Nov. 18, 2014). She went on to determine that "Plaintiff's complaint does not allege the kind of criminal conduct required to state a RICO claim as it does not allege predicate criminal acts committed by Defendants and much less a pattern of racketeering activity." (ECF No. 38 at 20). Next, she determined that PBE's conspiracy claim under RICO, 18 U.S.C. § 1962(d), was not viable because PBE failed to plead plausible facts supporting that the Defendants "objectively manifested an agreement to participate, directly or indirectly, in the affairs of an enterprise, through the commission of two or more predicate crimes." (ECF No. 38 at 27) (citing *DeGuelle v. Camilli*, 664 F.3d 192, 204 (7th Cir. 2011)).

Finally, the Magistrate Judge determined that Plaintiff's allegations relating to state law claims for intentional misrepresentation, fraud, and misappropriation of name and goodwill, all fell short of stating plausible claims.

Based on the above reasoning, the Magistrate Judge recommended that the district court DENY PBE's motion for default judgment.

### 3. PBE's Objection

PBE made a timely objection under Fed. R. Civ. P. 72(b). (ECF No. 39). Upon timely objection to an R & R on a dispositive issue, the district judge reviews the objection *de novo.* In

---

[5] Because the contract at issue states that it "shall be governed by and construed in accordance with the laws of the state of New York, without regards to any applicable [principles] of conflicts of law" (ECF 19-1 at 7), Plaintiff's breach of contract claim is governed by New York state law.

its objection, PBE challenges only the Magistrate Judge's conclusion that PBE failed to meet its burden of showing proper service as to 24 Capital. PBE contends that it has shown proper service as to 24 Capital because it submitted an affidavit, ECF No. 27-3, from Allayev filed in the Southern District of Ohio on March 1, 2021, wherein Allayev avers that he is "the Chief Executive Officer of 24 Capital, LLC." Secondly, PBE asserts that it properly served 24 Capital when it served 24 Capital Funding, LLC because 24 Capital has appeared in litigation against PBE using the name 24 Capital Funding, LLC.

Whether the Magistrate Judge's determination regarding service on 24 Capital is correct or not, makes no difference in the outcome of PBE's motion for default judgment, though, and so the Court need not pursue PBE's objection to conclusion. For even if the Court's *de novo* review of that issue favored PBE, the Court finds no clear error in the portions of the R & R to which PBE failed to object; those same portions of the R & R also support the conclusion that the Motion for Default Judgment should be denied.[6]

PBE did not object to the Magistrate Judge's determination that the Amended Complaint does not state a claim for relief under any of the legal theories Plaintiff identifies.[7] The district judge reviews unobjected portions of the report and recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). Under the clear error standard, the district

---

[6] Even if the Court reviewed de novo PBE's objection to service, the Court is not convinced that PBE has met its burden. Further, "arguments not made before a magistrate judge are ... waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (citing *Divane v. Krull Elec. Co.*, 194 F.3d 845, 849 (7th Cir. 1999)). That waiver extends to arguments raised for the first time in objections to the magistrate's ruling. *Haywood v. Baylor*, 804 F. App'x 401, 403 (7th Cir. 2020) (citing *Melgar*, 227 F.3d at 1040). Here, it does not appear to the Court that either of the arguments PBE raises in its objection relating to service were argued in front of the Magistrate Judge.

[7] If a party fails to object to a magistrate judge's report and recommendation, or objects on some issues and not others, the party waives appellate review of the issues to which the party has not objected. *Johnson*, 170 F.3d at 739.

7

court may overturn a magistrate judge's ruling only if the court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997).

The Magistrate Judge issued a 33-page detailed decision analyzing and resolving the Defendants' motion for a default judgment. She engaged in a thorough discussion of the allegations in the Amended Complaint and determined that even if service was proper, the Amended Complaint would not survive a Rule 12(b)(6) motion. The court has reviewed the record in this case and finds that the R & R is not clearly erroneous on the issue of whether Plaintiff has plausibly pleaded any of its causes of action. The Magistrate Judge concluded, and this Court agrees that the amended complaint does not state a claim for which this court may grant relief, because it does not contain sufficient factual matter to support PBE's claims. Accordingly, the Court OVERRULES PBE's objection as MOOT (ECF No. 39), ADOPTS the disposition of the motion for default judgment recommended in the R & R, and DENIES PBE's Motion for Default Judgment. (ECF No. 27).

## CONCLUSION

The R & R (ECF No. 38) is ADOPTED. PBE's objection to the R & R is DENIED as MOOT. PBE's Motion for Default Judgment is DENIED.

SO ORDERED on March 12, 2024.

        s/ Holly A. Brady  
        CHIEF JUDGE HOLLY A. BRADY  
        UNITED STATES DISTRICT COURT